Dennis Brager (Cal Bar. No. 81559)
Guy H. Glaser (Cal Bar. No. 148674)
Brager Tax Law Group, A P.C.
12121 Wilshire Blvd., Ste. 600
Los Angeles, CA 90025
Telephone: (310) 208-6200
Facsimile: (310) 478-8030
Email: dbrager@bragertaxlaw.com
Email: gglaser@bragertaxlaw.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PAUL YONG KIM,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATE OF AMERICA,<br><br>    Defendant. | Case No.   5:22-cv-00691 Kim<br><br>COMPLAINT FOR TAX REFUND<br><br>[26 U.S.C. § 7422;  28 U.S.C.<br><br>§ 1346(a)(1)] |

## PARTIES

1. Plaintiff, PAUL YONG KIM ("Plaintiff" or "Mr. Kim"), is a U.S. citizen and resides in Los Angeles County, California.

2. Plaintiff's Tax Identification Number is XXX-XX-2161

3. Defendant is the UNITED STATES OF AMERICA.

## NATURE OF THE ACTION

4. This is a suit arising under Section 7422 of the Internal Revenue Code, Title 26 of the United States Code ("I.R.C."), for the refund of certain income tax erroneously and illegally assessed and collected by Defendant for Plaintiff's taxable year ended December 31, 2015 ("2015 tax year").  By this

action, Plaintiff seeks to recover $638,282, plus interest, paid to the Internal Revenue Service ("IRS" or "Service") for the 2015 tax year related to the Net Investment Income Tax ("NIIT") he reported for that year.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to Section 1346(a)(1) of Title 28, United States Code, and Section 7422(a) of Title 26, United States Code (also known as "the Internal Revenue Code").

6. Venue is proper in this district pursuant to Sections 1391 and 1402(a)(1) of Title 28, United States Code, because Defendant is the United States of America and Plaintiff resides in Los Angeles County, California.

## FACTUAL ALLEGATIONS

7. Plaintiff, a United States citizen, was a resident of South Korea until September 13, 2015, and was subject to South Korea's social security laws.

8. Starting September 14, 2015, Plaintiff became a resident of the State of California.

9. Plaintiff timely filed a Form 1040, "U.S. Individual Income Tax Return," for the taxable year ending December 31, 2015 ("2015 Return") with the IRS.

10. On the 2015 Return, Plaintiff reported that in addition to the amount of regular income tax owed, he also owed an additional $644,382 in NIIT.

11. After subtracting payments made, Plaintiff requested a refund in the amount of $140,171 for the 2015 tax year.

12. On, or about March 16, 2017, Plaintiff timely filed a Form 1040X, "Amended U.S. Individual Income Tax Return" for the 2015 tax year ("Amended Return") seeking a refund in the amount of $638,282 resulting from the exclusion of $638,282 of the NIIT reported and paid on his original 2015 Return (hereinafter

sometimes referred to as "the refund claim").

13. Attached to the Amended Return was a statement explaining why Plaintiff was entitled to the refund sought. The statement explained:

> "This return is being amended to exclude net investment income tax in the return as originally filed.
>
> The Taxpayer was a resident of South Korea through September 13, 2015 and was subject to the Korean National Pension Law. Under the U.S. – Korea Social Security Agreement, a Korean Resident is exempt from the U.S. Social Security tax and Medicare tax. Thus, the Taxpayer should not be subject to the Net Investment Income Tax on any income before he became a California resident on September 14, 2015."

14. On March 5, 2020, the IRS sent Plaintiff and his representative, Jae K. Choi, CPA, a letter in which it *proposed* to fully disallow the refund claim. In this letter, the IRS examiner proposed to disallow the refund claimed on the grounds that the NIIT was an income tax, not a Medicare tax, and thus not subject to exemption under the U.S.-South Korea Social Security Totalization Agreement. The IRS examiner also discussed the impact of foreign tax credits concluding that such credits "may not be used to offset the NIIT."

15. By letter dated March 17, 2020, sent by fax, Plaintiff's representative, Jae K. Choi, CPA, responded to the IRS examiner's March 5, 2020, letter disagreeing with the IRS examiner's positions in their letter dated March 5, 2020, inter alia, that: (1) the NIIT was an income tax, and not a Medicare tax, and thus not subject to exemption under the U.S.-South Korea Social Security Totalization Agreement, and (2) that foreign tax credits could not be used to offset the NIIT.

16. Thereafter, on May 28, 2020, Plaintiff's representative, Jae K. Choi, CPA, submitted a Protest to the IRS disputing the proposed determination made by the IRS in its letter dated March 5, 2020 concerning the refund claim. Attached to this Protest, inter alia, was another Form 1040X, "Amended U.S. Individual Income Tax Return" for the 2015 tax year, signed by Plaintiff's representative, Jae K. Choi, CPA, on May 11, 2020, and by Plaintiff . himself, on May 12, 2020 (hereinafter referred to as "the 2nd Amended Return"). According to Part II of the

Form 1040X, the 2nd Amended Return was "being filed as a protective claim for a decision that section 1411 net investment income tax could be reduced by Foreign Tax Credit under the U.S. – S. Korea Income Tax Treaty."

17. On October 19, 2021, the IRS's Independent Office of Appeals sent a fax to Plaintiff's representative, Jae K. Choi, CPA, rebutting the arguments made in the Protest dated May 28, 2020, and sustained the determination made in the IRS examiner's March 5, 2020, letter, that no refund should be issued. In arriving at this conclusion, the Appeals Officer agreed with the IRS Examiner's positions that: (1) the NIIT was an income tax, and not a Medicare tax, and thus not subject to exemption under the U.S.-South Korea Social Security Totalization Agreement, and (2) that foreign tax credits could not be used to offset the NIIT.

18. More than 6 months has elapsed since the filing of Plaintiff's claim and since the IRS examiner issued the letter dated March 5, 2020, proposing to disallow the refund claimed. To date, however, the IRS has not issued any formal notice actually disallowing Plaintiff's refund claim.

## COUNT I – CLAIM FOR REFUND
**(The NIIT is a Medicare Tax and Plaintiff is Thus Exempt from Paying NIIT under the U.S.--S. Korea Social Security Totalization Agreement)**

19. The NIIT supplements existing social security taxes. It was designed by Congress to fund an expanded Medicare. More specifically, the NIIT was imposed in parallel with an increased Medicare tax, a 0.9% surtax on wages and self-employment income in excess of thresholds identical to those applying to the NIIT. The objective of the NIIT was to ensure that individuals with similarly high levels of income who derived income from nonwage sources contributed to the newly expanded heath care program in a similar manner as wage earners.

20. The NIIT is described as a Medicare tax in the legislative text and its location in the Internal Revenue Code is consistent with that status. In fact, the full name of the NIIT as referenced in the legislative text is "Unearned Income

Medicare Contribution," and it is found in Section 1402(a) of the Internal Revenue Code.

21. U.S. citizens residing abroad are exempt from the Patient Protection and Affordable Care Act's individual mandate and the NIIT is designed to fund subsidies for that mandate. Under the U.S.-South Korea Social Security Totalization Agreement, residents of South Korea are exempt from having to pay United States Social Security Taxes and Medicare Taxes on investment income.

22. Because the NIIT is a social security/Medicare tax, it is subject to the U.S.– South Korea Social Security Totalization Agreement.

23. Furthermore, since Plaintiff was covered under South Korea's social security laws prior to becoming a resident of the United States on, or about, September 14, 2015, the net investment income he earned while he was still a resident of South Korea before that date is thus exempt from taxation in the United States under the terms of the U.S.-- South Korea Social Security Totalization Agreement. As such, Plaintiff should not be subject to the NIIT, in any amount, on any net investment income in 2015 before he became a California resident on September 14, 2015. Accordingly, Plaintiff's inclusion and payment of the NIIT in the amount of $644,382 on his original filed return for the 2015 tax year was in error.

### COUNT II – CLAIM FOR REFUND
**(Plaintiff is Entitled to Foreign Tax Credits to Reduce and Offset the Entire NIIT Paid)**

24. Plaintiff restates and realleges the allegations of the preceding Paragraphs as if fully set out herein.

25. If the NIIT is, in fact, an income tax, then a Foreign Tax Credit should be allowed to reduce and offset the entire NIIT paid by Plaintiff for the 2015 tax year under the tax treaty in effect between the United States and South Korea.

## CLAIM FOR RELIEF

26. Plaintiff incorporates by reference the facts and allegations of the preceding Paragraphs , as if fully set out herein.

27. The IRS erred in disallowing Plaintiff's claim for a refund of federal income tax for the 2015 tax year.

28. Because Plaintiff should not have paid any NIIT on the net investment income he earned while residing in South Korea before he became a California resident on September 14, 2015, pursuant to the terms of the U.S.-S. Korea Social Security Totalization Agreement, Plaintiff is entitled to a refund on the amount of $638,282 in federal income tax, plus interest as allowed by law, for the 2015 tax year.

29. In the alternative, Plaintiff should be entitled to a Foreign Tax Credit against the NIIT paid in the full amount of the NIIT paid.

30. Accordingly, Plaintiff seeks recovery of the overpayment of $638,282 of federal income tax that was erroneously paid, assessed and collected by Defendant for the 2015 tax year, plus interest as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that the Court enter judgement against Defendant and award Plaintiff:

(1) A refund of overpaid tax for the 2015 tax year in the amount of at least $638,282, or such other amount as may be legally refundable;

(2) Interest as allowed by law;

(3) Attorney's fees as are available; and,

///
///
///

(4) Such other relief as Plaintiff may be entitled to receive.

Respectfully Submitted

Dated: April 21, 2022          Signed: /s/ Dennis Brager
　　　　　　　　　　　　　　　　Dennis Brager (Cal Bar. No. 81559)
　　　　　　　　　　　　　　　　Brager Tax Law Group, A P.C.
　　　　　　　　　　　　　　　　12121 Wilshire Blvd., Ste. 600
　　　　　　　　　　　　　　　　Los Angeles, CA 90025
　　　　　　　　　　　　　　　　Telephone: (310) 208-6200
　　　　　　　　　　　　　　　　Facsimile: (310) 478-8030
　　　　　　　　　　　　　　　　Email: dbrager@bragertaxlaw.com
　　　　　　　　　　　　　　　　Attorney for Plaintiff


　　　　　　　　　　　　　　　Signed: /s/ Guy H. Glaser
　　　　　　　　　　　　　　　　Guy H. Glaser (Cal Bar. No. 148674)
　　　　　　　　　　　　　　　　Brager Tax Law Group, A P.C.
　　　　　　　　　　　　　　　　12121 Wilshire Blvd., Ste. 600
　　　　　　　　　　　　　　　　Los Angeles, CA 90025
　　　　　　　　　　　　　　　　Telephone: (310) 208-6200
　　　　　　　　　　　　　　　　Facsimile: (310) 478-8030
　　　　　　　　　　　　　　　　Email: gglaser@bragertaxlaw.com