E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
JOLENE TANNER (Cal. Bar No. 285320)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
               (213) 894-3544
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov
          Jolene.Tanner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Paul Yong Kim,<br><br>    Plaintiff,<br><br>    v.<br><br>United States of America,<br><br>    Defendant. | Case No. 5:22-cv-00691-SPG-SPx<br><br>Answer of the United States of America to the Plaintiff's Remaining Claim for Relief<br><br>Hon. Sherilyn Peace Garnett |

1

**Count II Dismissed with Prejudice**

On March 28, 2023, this Court dismissed Plaintiff's Count II with prejudice, rejecting the claim that he is entitled to a refund by reducing the Net Investment Income Tax (NIIT) by the Foreign Tax Credit, which was contained in paragraphs 24-25 and 29 of the complaint. *See* ECF Document number 22. Accordingly, the United States files its answer to the allegations contained in the complaint that relate to the only remaining claim against the United States—the claim that Plaintiff is exempt from paying the NIIT pursuant to the Totalization Agreement with South Korea.

**Answer to Complaint**

The United States, for its answer to the complaint, admits, denies, and alleges as follows:

1. For paragraph 1 of Plaintiff's complaint, the United States denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

2. For paragraph 2 of Plaintiff's complaint, the United States admits the allegation.

3. For paragraph 3 of Plaintiff's complaint, the United States admits the allegation.

4. For paragraph 4 of Plaintiff's complaint, the United States denies that the tax was erroneously and illegally assessed and collected, but admits the remainder of the allegations.

5. For paragraph 5 of Plaintiff's complaint, the United States admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).

6. For paragraph 6 of Plaintiff's complaint, the United States admits that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1402(a)(1).

7. For paragraph 7 of Plaintiff's complaint, the United States denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

8. For paragraph 8 of Plaintiff's complaint, the United States denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

9. For paragraph 9 of Plaintiff's complaint, the United States admits the allegations.

10. For paragraph 10 of Plaintiff's complaint, the United States admits the allegations.

11. For paragraph 11 of Plaintiff's complaint, the United States admits the allegations.

12. For paragraph 12 of Plaintiff's complaint, the United States admits the allegations.

13. For paragraph 13 of Plaintiff's complaint, the United States admits the allegations.

14. For paragraph 14 of Plaintiff's complaint, the United States admits the allegations.

15. For paragraph 15 of Plaintiff's complaint, the United States admits the allegations.

16. For paragraph 16 of Plaintiff's complaint, the United States denies, for lack of knowledge or information sufficient to form a belief about the truth of the allegation, that the 2nd Amended Return was submitted to the IRS on May 28, 2020. The United States admits the remaining allegations in paragraph 16.

17. For paragraph 17 of Plaintiff's complaint, the United States denies for lack of knowledge or information sufficient to form a belief as to

the date of Plaintiff's Protest, but admits the remaining allegations in paragraph 17.

18. For paragraph 18 of Plaintiff's complaint, the United States admits that more than six months elapsed between the filing of Plaintiff's claim for refund and the filing of the complaint in district court, but denies remainder of paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

## Count I – Claim for Refund

19. For paragraph 19 of Plaintiff's complaint, the United States neither admits nor denies the legal contentions, and denies the remainder for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

20. For paragraph 20 of Plaintiff's complaint, the United States admits that the title of Chapter 2A of the Internal Revenue Code is titled "Unearned Income Medicare Contribution," alleges that the NIIT is established by 26 U.S.C. § 1411(a), and denies the remainder for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

21. For paragraph 21 of Plaintiff's complaint, the United States neither admits nor denies the legal contentions, and denies the remainder for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

22. For paragraph 22 of Plaintiff's complaint, the United States denies the allegations.

23. For paragraph 23 of Plaintiff's complaint, the United States denies the allegations.

**Count II – Claim for Refund**

24. For paragraph 24 of Plaintiff's complaint, the allegations relate to Count II, which was dismissed with prejudice. Accordingly, no response is required.

25. For paragraph 25 of Plaintiff's complaint, the allegations relate to Count II, which was dismissed with prejudice. Accordingly, no response is required.

**Plaintiff's Claim for Relief**

26. For paragraph 26 of Plaintiff's complaint, the United States incorporates by reference its responses to paragraphs 1 through 25.

27. For paragraph 27 of Plaintiff's complaint, the United States denies the allegations.

28. For paragraph 28 of Plaintiff's complaint, the United States denies the allegations.

29. For paragraph 29 of Plaintiff's complaint, the allegations relate to Count II, which was dismissed with prejudice. Accordingly, no response is required.

30. For paragraph 30 of Plaintiff's complaint, the United States denies the allegations.

31. The United States denies every allegation not specifically admitted, denied, or otherwise qualified herein.

**Additional Defenses**

32. The issues raised in Plaintiff's complaint and at trial may not be at variance with those raised during the administrative process before the IRS.

33. The United States is entitled to offset any refund determined to be recoverable by Plaintiff against his outstanding Federal tax obligations, if any.

**Prayer for Relief**

WHEREFORE, the United States, requests that the Court:

A. Enter judgment dismissing Plaintiff's complaint;

B. Deny the relief requested in Plaintiff's complaint; and

C. Order any further relief it deems just and appropriate.

                                     E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: April 3, 2023          /s/
GAVIN GREENE
JOLENE TANNER
Assistant United States Attorneys
Attorneys for the United States of America