E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
JOLENE TANNER (Cal. Bar No. 285320)
Assistant United States Attorneys
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4600
           (213) 894-3544
     Facsimile: (213) 894-0115
     E-mail: Gavin.Greene@usdoj.gov
          Jolene.Tanner@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| Paul Yong Kim, | Case No. 5:22-cv-00691-SPG-SPx |
|     Plaintiff, | Rule 26(f) Joint Report |
|     v. | Original Complaint: April 22, 2022<br>Motion to Dismiss: July 22, 2022 |
| United States of America, | Answer: April 3, 2023<br>Proposed Trial Date: March 26, 2024 |
|     Defendant. | Scheduling Conference<br>Date:     May 3, 2023<br>Time:     3:00 p.m.<br>Courtroom: 5C<br>Address:  United States Courthouse<br>            350 West 1st Street<br>            Los Angeles, California |

1

On April 10, 2023, the following attorneys for the parties held a conference to comply with Fed.R.Civ.P. 26(f) and Local Rule 26-1:

- AUSAs Gavin Greene and Jolene Tanner, attorneys for the United States of America; and
- Guy Glaser, attorney for Paul Yong Kim.

## 1. Statement of the Case

### (a)    United States' Statement

In general, workers in the United States are taxed to support the payment of social security benefits. Totalization agreements permit workers of different countries to combine periods of payment into different countries' social security systems to eventually become eligible to receive benefits under a signatory country's system.

The United States of America and the Republic of Korea ("South Korea") entered into a Totalization Agreement that went into force on April 1, 2001. It applies to Chapters 2 and 21 of the Internal Revenue Code, as well as future laws which amend or supplement those laws. In 2010, the net investment income tax ("NIIT") was enacted under 26 U.S.C. § 1411, Chapter 2A of the Internal Revenue Code, and applies to certain passive income of individuals over $200,000.

On April 22, 2022, Plaintiff filed a complaint for tax refund of $638,282 for tax year 2015, asserting that because he was a resident of South Korea until September 14, 2015, he was not subject to the NIIT for 2015 [ECF 1].

On July 22, 2022, the United States filed a motion to dismiss Plaintiff's complaint [ECF 16]. On March 28, 2023, the Court entered an order denying, in part, and granting, in part, the United States' motion to dismiss [ECF 22]. Per the Court's order, "the [remaining] issue presented in this case is whether Chapter 2A of the Code supplements [Chapters 2 and 21 of the Internal Revenue Code]" [*Id*. at 12:4-6].

2

**(b)   Plaintiff's Statement**

Plaintiff, Paul Yong Kim ("Plaintiff" or "Mr. Kim"), is a U.S. citizen, who, until September 13, 2015, resided in South Korea and was subject to South Korea's National Pension Law.

Mr. Kim relocated to the United States and became a California resident on September 14, 2015.

For the 2015 tax year, Mr. Kim timely filed a U.S. income tax return on which he reported he owed $644,382 in NIIT. Then, on March 16, 2017, Mr. Kim filed an amended tax return seeking a refund of $638,232 of the NIIT reported and paid.

On April 22, 2022, Mr. Kim filed a Complaint against Defendant seeking a refund of the NIIT paid on the grounds he was exempt from having to pay such tax under the Totalization Agreement in effect between the United States of America and the Republic of South Korea because the NIIT was a Medicare Tax that supplemented Chapters 2 and 21 of the Internal Revenue Code (the "Totalization Agreement Claim"), or, alternatively, if the NIIT was found to be an Income Tax, then he was entitled to use Foreign Tax Credits ("FTC") to offset the amount of NIIT paid ("FTC Claim"). [ECF 1].

Thereafter, on July 22, 2022, Defendant filed a Rule 12(b)(6) motion with the Court seeking dismissal of both claims. [ECF 16].

On March 28, 2023, the Court issued an Order denying that portion of the motion to dismiss regarding the Totalization Agreement Claim, but granting the motion with respect to the FTC Claim. [ECF 22].

Plaintiff has not yet decided whether to file an appeal contesting the dismissal of the FTC Claim from the Complaint and reserves the right to supplement or amend this Joint Report if circumstances warrant.

**2. Subject Matter Jurisdiction**

This Court has jurisdiction over this action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).

**3. Legal Issues**

Whether the NIIT found in Chapter 2A of the Internal Revenue Code ("Code") supplements Chapters 2 and 21 of the Code, thereby exempting Plaintiff from having to pay such tax pursuant to the Totalization Agreement with South Korea.

**4. Parties, evidence, etc.**

**Parties**

- Paul Yong Kim (Plaintiff)
- United States (Defendant)

**Witnesses**

The parties reserve the right to introduce additional witnesses based on the information and documents produced in discovery.

- Paul Yong Kim
- Jae Choi, Plaintiff's tax return preparer
- State Department representative
- Social Security Administration representative
- Treasury Department representative
- South Korean government officials to discuss South Korea's National Pension Law and the Industrial Accident Compensation Insurance Law."
- Expert in South Korean law regarding National Pension Law

**Key Documents (Joint)**

- Agreement on Social Security, S. Kor.-U.S., Mar. 13, 2000, State Dept. No. 01-54.

- Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152.

**Key Documents for Plaintiff**

- Plaintiff's U.S. Individual Income Tax Return (Form 1040) and related forms, schedules, and statements, for tax year 2015.
- Plaintiff's Amended U.S. Individual Income Tax Return (Form 1040X) and related forms, schedules, and statements, for tax year 2015.
- Letter dated March 5, 2020, from the IRS to Defendant, proposing full disallowance of his claim for refund.
- Letter dated March 17, 2020, faxed by Jae Choi to IRS Examiner John C. Cox in response to the letter to Mr. Cox's March 5, 2020, letter.
- Fax dated May 6, 2020, from IRS Examiner John C. Choi to Jae K. Choi, CPA.
- Protest submitted by Jae K. Choi dated May 28, 2020, protesting the determination made by the IRS in its letter dated March 5, 2020.
- Fax dated October 19, 2021, from the IRS Independent Office of Appeals to Plaintiff's accountant Jae Choi.

**Key Documents for the United States**

- Totalization agreement between the United States and Brazil (signed June 30, 2015).
- Totalization agreement between the United States and Hungary (signed February 3, 2015).
- Totalization agreement between the United States and Iceland (signed September 27, 2016).
- Totalization agreement between the United States and Slovak Republic (signed December 10, 2012).

- Totalization agreement between the United States and Slovenia (signed January 17, 2017).
- Totalization agreement between the United States and Uruguay (signed January 10, 2017).

**Corporate Subsidiaries**

This case does not involve a corporation, so there are no subsidiaries, parents, or affiliates.

**5. Damages**

Plaintiff has filed a complaint for refund of $638,282 of taxes paid for the 2015 tax year, based on the Totalization Agreement with South Korea.

**6. Insurance**

There is no insurance coverage in this case.

**7. Motions**

**(a)   Procedural Motions**

Additional parties [LR 26-1(e)]: At this time, the parties do not anticipate the need to file motions to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**(b)   Dispositive Motions**

The United States and Plaintiff intend to file cross motions for summary judgment to resolve this case.

**(c)   Class Certification Motion**

This is not a class action case.

**8. Manual for Complex Litigation**

Complex Litigation [LR 26-1(a)]: The parties agree that this is not a complex case and there is no need to utilize the procedures contained in the Manual for Complex Litigation.

**9. Discovery**

    **(a)    Status of Discovery**

          **i. United States' Status**

As stated above, "the issue presented in this case is whether Chapter 2A of the Code supplements [Chapters 2 and 21 of the Internal Revenue Code]" [ECF 22, 12:4-6]. Moreover "the drafting history of the agreement, negotiations, official positions of each Contracting State regarding its expectations, and other official materials would aid the Court in determining the meaning of the term 'supplement' within the Totalization Agreement." *Id*. at 20:12-15. The United States is determining the extent that those documents exist and can be provided to Plaintiff and the Court.

The United States served a request for admissions, interrogatories, and a request for production of documents to Plaintiff on April 12, 2023. Responses are due on May 12, 2023.

          **ii. Plaintiff's Status**

Plaintiff intends to reach out to the South Korean Government to try to find out if it has any official documents or other materials evincing what the shared expectation of the parties were with respect to the Totalization Agreement entered into between the United States of America and South Korea. To that end, Plaintiff may need to avail itself of the provisions of the Hague Convention.

Further, in an attempt to try to determine what the shared expectations were of the South Korean Government and the United States Government concerning the Totalization Agreement and what these parties' definition of the term "supplements" might mean in the context of the Totalization Agreement, Plaintiff also intends to issue Defendant formal interrogatories and request for production of documents attempting to obtain

all official correspondence (letters and emails), official declarations, and all other official documents relating to:

    a. The drafting history of the Totalization Agreement;

    b. The history of the negotiations involving the Totalization Agreement;

    c. The official positions of each contracting state regarding its expectations surrounding the enactment of the Totalization Agreement;

    d. The parties' post-ratification understanding of the Totalization Agreement; and,

    e. All other official governmental materials that might shed some light on the shared expectations of the parties.

**(b)    Discovery Plan**

Disclosures [FRCP 26(f)(3)(A)]: The parties agreed to make the initial disclosures required by FRCP 26(a)(1) no later than May 1, 2023.

Subject of discovery [FRCP 26(f)(3)(B)]: In addition to the documents mentioned above regarding the meaning of the term "supplement" within the Totalization Agreement, the United States intends to conduct discovery to determine the extent that the Totalization Agreement applies to Plaintiff.

Electronic discovery [FRCP 26(f)(3)(C)]: The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

Privilege [FRCP 26(f)(3)(D)]: Some documents related to the Totalization Agreement may be subject to deliberative process privilege and may also be classified. The parties do not anticipate any other issues relating to claims of privilege or of protection as to trial-preparation material.

Limitations on Discovery [FRCP 26(f)(3)(E)]: The parties do not anticipate the need for changes to be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

Other Orders [FRCP 26(f)(3)(F)]: The parties do not anticipate the need for any other orders that should be entered by the Court under FRCP 26(c) or 16(b) and (c).

**(c)    Discovery Cut-off**

The parties request that the last day to complete all fact discovery, including the resolution of all discovery motions, be set for November 1, 2023.

**(d)    Expert Discovery**

Expert Witnesses [LR 26-1(f)]: The parties agreed to provide the identity of any expert as required by FRCP 26(a)(2)(A) by the earlier of August 16, 2023 or 13 weeks before the last day for initial expert witness disclosures.

The parties request that November 1, 2023, be the last day for expert witness discovery.

The parties request that November 15, 2023, be the last day for initial expert witness disclosures.

The parties request that November 29, 2023, be the last day for rebuttal expert witness disclosures.

**(e)    Settlement Conference/Alternative Dispute Resolution (ADR)**

The parties have had preliminary discussions regarding settlement and determined that settlement is premature at this time.

Recommended settlement procedure [LR 26-1(c) and 16-15]: The parties elect to hold a settlement conference before the Magistrate Judge assigned to this case (Settlement Procedure Number 1).

9

**(f)  Trial**

**i. Trial Estimate**

Estimated length of trial [LR 26-1(d)]:

- Plaintiff estimates that the trial will take two days and expects to call four witnesses.
- The United States expects that the trial will take one day and intends to call no more than three witnesses.

**ii. Court Trial**

This case will be tried by the Court.

**iii. Consent to Trial Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

**iv. Lead Trial Counsel**

- Guy Glaser will serve as lead trial counsel for the Plaintiff and may be joined at trial by Dennis N. Brager, Esq.
- AUSA Gavin Greene will serve as lead trial counsel for the United States and will be joined at trial by AUSA Jolene Tanner.

**(g)  Independent Expert or Master**

This is not a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

**(h)  Other Issues**

Electronic Service [FRCP 5(b)(2)(E)]: For all documents required to be served to an opposing party and not filed electronically with the Clerk of the court through the Court's CM/ECF System, the parties agree to service by electronic means in accordance with FRCP 5(b)(2)(E).

///

///

///

1      Plaintiff advises that there is a possibility that one or more of his

2 witnesses might include a non-English speaking witness for which an

3 interpreter will be required. Plaintiff also anticipates the need for potentially

4 conducting discovery in foreign jurisdictions for which translations into

5 English may be required. Finally, certain provisions of foreign law might be

6 applicable in this case (e.g., the South Korean National Pension Law or the

7 South Korean Industrial Accident Compensation Insurance Law) for which

8 the Plaintiff would ask the Court to take judicial notice of.

9

10                        Respectfully submitted,

11                        E. MARTIN ESTRADA

12                        United States Attorney
THOMAS D. COKER

13                        Assistant United States Attorney
Chief, Tax Division

14

15

16 Dated: April 18, 2023         /s/

17                        GAVIN GREENE
JOLENE TANNER

18                        Assistant United States Attorneys
Attorneys for the United States of America

19

20

21                        Brager Tax Law Group, A P.C.

22

23 Dated: April 18, 2023         /s/

24                        GUY H. GLASER
Attorney for Paul Yong Kim

25 Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Gavin Greene, attest that Guy

26 Glaser concurs in the contents of this document and has authorized this
filing.

27

28